Samuels, J.
The plaintiff was indicted in the Circuit court of Wythe county, for that, on the 1st of August 1854, at the county aforesaid, and within the jurisdiction of said court, he did unlawfully play at cards, at the hotel of Charles Yancey, in the town of Wytheville; said hotel being then and there a public place, &c. The plaintiff pleaded not guilty. On the trial before the jury, a witness on behalf of the commonwealth was asked the question whether he had seen the plaintiff bet or play at faro at the place alleged in the indictment. This question was objected to by the plaintiff; but the court overruling the objec *589 tion, allowed the question to be asked and answered; and thereupon the plaintiff filed his first bill of exceptions. This exception, however, does not show what answer was given to the question; nor can we look to the second bill of exceptions in aid of the first, as the first does not refer to the second; nor does the second show what answer was given to the particular question excepted to. If the court should be of opinion that the question was improper, still the judgment could not be reversed for that reason, as it does not appear that the answer was, or might have been prejudicial to the plaintiff.
In the progress of the trial it was proved that the plaintiff did bet at the game of faro at the time and place mentioned in the indictment; that the game of faro is played with cards; and that the plaintiff did not play at any other game at that time and place. Thereupon the plaintiff moved the court to instruct the jury, in effect, that proof of betting at faro did not sustain the charge of playing cards, alleged in the indictment. This instruction the court refused to give, and instructed the jury that if they believed from the evidence that the plaintiff, within twelve months before the finding of the indictment, did bet at the game of faro exhibited at the place named in the indictment, they ought to find him guilty. To these several rulings of the court, the plaintiff filed his second bill of exceptions.
It must be conceded that the law prior to the 1st July 1850 would have justified a conviction of the of-fence alleged in this case, upon the proof heard therein. Faro is a game, and it is played with cards; and it is not one of the class of games excepted, “ bowls,” &c. &c. See 1 Eev. Code, p. 563, § 5; Sess. Acts 1848, p. 114, § 5. The present Code of Virginia became the law upon and after the day above named, and gives the rule for our case. Chap. 198, § 4, p. 743, *590 embraces this subject. The second clause of the section last cited, if it stood alone, would extend to the case, as would the previous statutes above cited, if they had remained in force. A penalty is denounced against playing “ at any game at an ordinary,” &c. except “ bowls,” &c. &c.: faro is included by the terms “ any game;” it is not included within the exceptions “ bowls,” &c. &c.; it is played with cards, as the evidence in the record shows; it is therefore properly described as unlawful playing at cards.
It only remains to enquire whether the first clause of § 4 of the statute has the effect of withdrawing the offence of playing at faro from the general provisions of the law; of making it a different offence to be prosecuted as such, upon allegations and proof specifically appropriate to it.
The legislature obviously intended by the first clause of § 4, to extend the previous laws against gaming at public places, to certain games, faro and others, when played at private places; to this extent new offences were created, to be prosecuted upon proper allegations and proofs. This construction is perfectly consistent with the purpose of leaving gaming at public places to the operation of the general law. And such, in my judgment, is the meaning of the law upon the most strict construction of its terms. Construing it, however, as a remedial law according to § 20, p. 745 of the Code, we must hold that as to certain games, faro, &c. when played at public places, the commonwealth has cumulative remedies: one under the general law against all forbidden games at such places— the other under the law against faro and the games classed with it, when played at any place.
The revisors of the statute say, in their report to the géneral assembly, p. 977, § 4, that they inserted the first clause for the sole purpose of preventing any question as to whether the place at which faro, &c. *591 was played was public or private j they indicate no purpose of withdrawing any case from the operation of the second clause, which would be embraced by its terms.
The argument on behalf of plaintiff, that the judgment in this case will be no bar to another prosecution for the alleged playing at faro, is not well founded. The judgment will bar a future prosecution for the criminal fact of which the plaintiff may have been convicted upon the indictment in this case ; and this, although the fact may be described by a different name. Having shown that in this case the plaintiff may be convicted of unlawful playing at cards, by proof of playing at faro, it follows that this judgment will bar a further prosecution for the same offence, although it shall be described as playing at faro.
I am of opinion to affirm the judgment.
The other judges concurred.
Judgment affirmed.